IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DAVID BRIAN MORGAN,<br><br>　　　　　　Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　Respondent. | **ORDER AND MEMORANDUM DECISION DISMISSING PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241 AND 28 U.S.C. § 2254**<br><br>Case No. 2:24-cv-00683-TC<br><br>Judge Tena Campbell |

　　　　Petitioner David Brian Morgan filed a pro se Petition for Habeas Corpus under 28 U.S.C. § 2241 on September 16, 2024. (ECF No. 1.) Citing the Fifth Amendment, he challenges a conviction in the Oklahoma County District Court for which he was sentenced on March 30, 2011. (Id. at 1, 6.) He states that he is currently incarcerated at the Joseph Harp Correctional Center in Lexington, Oklahoma. (Id.)

　　　　The court denies Mr. Morgan's petition for several reasons. First, this court may only grant this type of habeas relief within its jurisdiction. See 28 U.S.C. § 2241(a). Mr. Morgan should have filed his petition in the Western District of Oklahoma.

　　　　Second, because he challenges the validity of his state court conviction and seeks release from confinement, the court properly construes Mr. Morgan's action as a petition under 28 U.S.C. § 2254. See Yellowbear v. Wyo. Att'y Gen., 525 F.3d 921, 924 (10th Cir. 2008) ("Section 2241 is a vehicle for challenging pretrial detention, or for attacking the execution of a

1

sentence. A § 2254 petition, on the other hand, is the proper avenue for attaching the validity of a conviction and sentence." (citations omitted)). But under 28 U.S.C. § 2244(b), "[t]he filing of a second or successive § 2254 application is tightly constrained …." Case v. Hatch, 731 F.3d 1015, 1026 (10th Cir. 2013). Before this court can consider a successive petition, Mr. Morgan must "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). This requirement is jurisdictional in nature. Case, 731 F.3d at 1027.

The court must dismiss Mr. Morgan's petition because he has not obtained such an order authorizing this court to consider his application. Indeed, he has already filed several successive habeas petitions in various district courts. The Tenth Circuit has previously summarized Mr. Morgan's extensive history of post-conviction petitions:

> In 2011, Morgan pleaded guilty in Oklahoma state court to 13 counts, including rape, molestation, kidnapping, and possessing weapons. The state court sentenced him to life in prison. Nearly three years later, Morgan filed a § 2254 petition seeking to set aside his convictions and sentences. The district court dismissed that petition as untimely, and we affirmed. See Morgan v. Addison, 574 F. App'x 852 (10th Cir. 2014). Since then, Morgan has mounted multiple other unsuccessful challenges to his convictions and sentences, both in this circuit and others. See, e.g., Morgan v. Oklahoma, 778 F. App'x 610, 611 (10th Cir. 2019) (noting that Morgan had "filed several successive habeas petitions" and that the "action [at issue was] Morgan's latest attempt to file yet another" one); Morgan v. United States, No. 22-cv-00066, 2022 WL 3704682 (S.D. Ind. May 13, 2022); Morgan v. United States, No. CV 23-543, 2023 WL 2496878 (D.D.C. Mar. 13, 2023), [certificate of appealability denied by No. 23-5112, 2023 WL 6474087 (D.C. Cir. Sept. 29, 2023)].

Morgan v. United States, No. 23-2079, 2023 WL 5622932, at *1 (10th Cir. Aug. 31, 2023). Given this extensive history, this court lacks jurisdiction to consider Mr. Morgan's successive habeas petition and finds that it would be futile to transfer his petition to the Western District of Oklahoma.

The Rules Governing Section 2254 Proceedings for the United States District Courts instruct the district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." R. 11(a) of the Rules Governing Section 2254 Proceedings. A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To meet this burden, Mr. Morgan must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." United States v. Gaddis, 12 F. App'x 733, 735 (10th Cir. 2001) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).

Given the number of reasons that each independently require this court to deny Mr. Morgan's petition, reasonable jurists would not find the court's assessment debatable or wrong. Accordingly, the court declines to issue a certificate of appealability.

## ORDER

Mr. Morgan's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241, which the court construes as a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 (ECF No. 1), is DENIED and the court declines to issue a certificate of appealability. The court directs the Clerk of Court to provide Mr. Morgan with a copy of this order and to close the case.

SO ORDERED this 21st day of January, 2025.

BY THE COURT:

_Tena Campbell_
Tena Campbell
United States District Judge